IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD JEREMY ADAMS, | ) |
| Petitioner, | ) |
| -vs- | ) NO. CIV-24-0838-HE |
| C. RANKIN, et al., | ) |
| Respondent. | ) |

## ORDER

Petitioner Chad Jeremy Adams, a state prisoner proceeding *pro se*, filed a 28 U.S.C. § 2241 habeas petition challenging the execution of his sentence. Respondent Warden William Chris Rankins moved to dismiss the petition and petitioner filed a response in opposition. Petitioner also filed a motion to amend the petition to add claims under 42 U.S.C. § 1983. Thereafter, United States Magistrate Judge Chris M. Stephens issued a Report and Recommendation recommending that the court grant the motion to dismiss and deny the motion to amend. Petitioner has timely objected to the recommendation.

In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the matter. Having done so, the court concurs with the analysis of the magistrate judge. As to the due process claim, neither the loss of telephone privileges nor the discretionary demotion in classification level implicate a protected liberty interest. *See* Marshall v. Morton, 421 Fed. Appx. 832, 838 (10th Cir. 2011) (restrictions on an inmate's telephone use "are not different in such degree and duration as compared with ordinary incidents of prison life to constitute protected liberty interest"); Barocio v. Jones, Case No. CIV-05-

1259-HE, 2006 WL 2404928, at *1, **3-5 (W.D. Okla. Aug. 14, 2006) (discretionary reduction in petitioner's earned credit level did not implicate due process considerations).

In his objection, petitioner asserts that a protected liberty interest was implicated by the prison officials' alleged failure to follow policies, procedures, rules and regulations and failure to use proper forms. The court disagrees. *See e.g.* White v. Crow, Case No. CIV-19-890-JD, 2020 WL 13468884, at *6 (W.D. Okla. March 12, 2020) ("Prison-disciplinary procedures, on their own, 'do not create constitutionally protected liberty interests.'") (quoting Harrison v. Morton, 490 Fed. Appx. 988, 994 (10th Cir. 2012)); *see also* Boyd v. Werholtz, 443 Fed. Appx. 331, 332 (10th Cir. 2011) ("[T]here is no independent constitutional right to state administrative grievance procedures.")

Because petitioner has not established a protected liberty interest implicated by the alleged conduct, the court concludes that his due process claims fail and he is not entitled to habeas relief. Respondent's motion to dismiss will therefore be granted.

As to the motion to amend, petitioner represents he is willing to pay the $405.00 filing fee required for a § 1983 action. However, he has not proffered a sufficient basis for the court to reject the stated reasons of the magistrate judge for denying leave to amend. The court agrees with those reasons, including the fundamental shift in the basis for the case, the effort to turn the case into a class action, and other considerations impacting futility. The motion to amend will therefore be denied.

A certificate of appealability is required for state prisoners to appeal the dismissal of a § 2241 habeas petition. *See* Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). The court declines to issue one. Petitioner cannot show that "reasonable jurists could

debate whether the petition should [be] resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Accordingly, the Report and Recommendation [Doc. #17] is **ADOPTED**. The motion to dismiss [Doc. #12] is **GRANTED** and the motion to amend [Doc. #13] is **DENIED**. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Doc. #1] is **DISMISSED**. A certificate of appealability is **DENIED**.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 21st day of July, 2025.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE